[Civ. No. 2503. Third Appellate District.—December 2, 1924.]

## WILLIAM J. CUMMINGS et al., Respondents, v. NELLIE E. EISZLER, Appellant.

[1] DEEDS—INTENT TO PASS TITLE — EVIDENCE — FINDINGS. — In this action to secure a decree establishing that plaintiffs and defendants were equal owners as tenants in common of certain real property, the evidence was sufficient to support the finding of the trial court to the effect that the mother of plaintiffs and defendant, although she executed and delivered to defendant a deed to the property in question, did not intend to pass title to defendant by placing the deed in her possession.

[2] ID.—INTENT—EVIDENCE—STATEMENTS OF GRANTOR. — In such an action, it is not error to admit evidence of statements of the grantor (the mother of plaintiffs and defendant) which tended to show that she did not intend to convey title to defendant by placing the deed in the latter's possession.

––––––––––

(1) 18 C. J., p. 440, n. 84.    (2) 18 C. J., p. 432, n. 41.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. J. O'Brien, F. F. Atkinson and O. F. Meldon for Appellant.

––––––––––

1. Delivery of deeds, notes, 16 Am. Dec. 35; 58 Am. Rep. 289; 53 Am. St. Rep. 537. See, also, 8 R. C. L. 978; 9 Cal. Jur. 153.

2. Admissibility of declarations of grantor after conveyance as to delivery, note, Ann. Cas. 1916E, 713. See, also, 8 R. C. L. 1003; 9 Cal. Jur. 192.

C. E. McLaughlin and C. P. McLaughlin for Respondents.

FINCH, P. J.—The decree herein adjudges that the plaintiffs and the defendant are equal owners as tenants in common of the real property described therein, subject to a lien in favor of defendant for certain moneys paid out by her. The defendant has appealed and contends that the judgment should have been in her favor as sole owner of the property. The court found:

"That plaintiffs and defendant are children, and sole heirs at law of Kate Cummings, who died intestate in the city of Sacramento on the 7th day of January, 1911, and who for many years prior to, and on the 19th day of May, 1909, was the owner of said real property. That on said 19th day of May, 1909, said Kate Cummings was more than seventy years of age, unable to read or write, and was dangerously ill and feeble in body, but not of mind, as a result of a stroke of apoplexy suffered by her. That for several years prior to, and on May 19, 1909, defendant and her mother lived together · in the family home on the premises described in the complaint, and her mother at all times expressed and had great confidence and trust in defendant.

"That on or about the 19th day of May, 1909, said Kate Cummings, at the instance of defendant, executed and placed in the possession of defendant, a deed conveying the premises described in the complaint to defendant, and at the time . . . said Kate Cummings, induced to such belief by defendant, believed and understood that said deed would have no effect whatever, and would convey no title if she recovered from her then illness, . . . and that defendant would upon her mother's recovery, return said deed to her mother. That by reason of the confidence and trust reposed in defendant by her mother, the latter believed said statements, representations, promises and suggestions aforesaid, and by reason of such belief, and the influence then and there exercised over her mind and acts by defendant, and not otherwise, said Kate Cummings executed said deed and placed the same in the possession of defendant, but said delivery of said deed as aforesaid was without any intention, purpose, belief or understanding on the part of said Kate Cummings, or defendant, that said deed would pass title of said property to defendant, and at said time of said de-

livery of said deed to defendant, Kate Cummings, induced thereto by said representations of defendant, believed and understood that said deed would be of no effect whatever, if said Kate Cummings recovered from the illness from which she was then suffering.

"That said Kate Cummings thereafter recovered from said illness and demanded that defendant return said deed to her, and defendant thereupon did return said deed to her mother, who destroyed the deed. That at the time said deed was placed in the possession of defendant, and at the time it was so returned by defendant to her mother, both defendant and her mother believed and understood and intended that no title would pass to defendant thereby. . . . That thereafter on or about the 1st day of December, 1910, said Kate Cummings . . . executed, acknowledged and delivered to defendant and plaintiffs, a deed conveying said property to plaintiffs and defendant in equal shares."

Plaintiff Mary E. Waldron testified, relative to the execution of the first deed, that she, at defendant's request, asked their mother to deed the property to the defendant in trust for all of the parties to this action, but that the mother refused, "saying she would leave all her children alike, wanted everything equally divided"; that the defendant then said to her mother that "if she would leave it in that way, when she recovered, she would return the paper to her again, it would be as nothing"; that the mother replied, "This is much against my wishes, but if you think best, I will do it"; that the defendant then said, "Yes, mother, when you get well, I will give you the paper"; that the deed was thereupon executed, and that in June, 1910, the defendant returned the deed to her mother. The evidence is sufficient to show that the mother then destroyed the deed. [1] The court admitted testimony, over defendant's objections, showing that at different times after the execution of the deed the mother made statements indicating that it was not her intention to pass title by the manual delivery of the deed to the defendant. The defendant testified to facts sufficient to show that it was the intention of the mother to convey the property to the defendant, and she denied the foregoing statements attributed to her and also denied that she had returned the deed to her mother. She testified that the deed had disappeared from the place where she had kept it, by

what means she did not know. There was other evidence introduced by both parties, but sufficient has been set forth to support the finding to the effect that Mrs. Cummings did not intend to pass title to defendant by placing the deed in her possession. The evidence is amply sufficient to support a finding in favor of either party upon that issue.

[2] Appellant contends that it was error to admit evidence of statements made by Mrs. Cummings which tended to show that she did not intend to convey title to the defendant by placing the deed in her possession. It is settled in this state that such evidence is admissible when the issue is whether or not the delivery of a deed was made with intent to convey title. (*Williams* v. *Kidd,* 170 Cal. 631 [Ann. Cas. 1916E, 703, 151 Pac. 1]; *De Cou* v. *Howell,* 190 Cal. 741 [214 Pac. 444].) Much of appellant's brief is devoted to the question of the weight of the evidence, a question with which this court has nothing to do. There is no merit in any of the contentions made by appellant.

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.